UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

FILED-USBC, FLS-MIA
'26 MAR 25 PM3:41

In re:

**RAMIRO ANAYA**

Debtor.               Case No. 26-10076-RAM

Chapter 7

---

## DEBTOR'S EMERGENCY MOTION TO ENFORCE AUTOMATIC STAY, FOR SANCTIONS, AND FOR ACTUAL AND PUNITIVE DAMAGES AGAINST AMERICAN HONDA FINANCE CORPORATION d/b/a HONDA FINANCIAL SERVICES FOR WILLFUL VIOLATION OF 11 U.S.C. § 362(a) PURSUANT TO 11 U.S.C. § 362(k)

COMES NOW, Debtor RAMIRO ANAYA FERNANDEZ, pro se, and respectfully moves this Honorable Court for an Emergency Order enforcing the automatic stay, imposing sanctions, and awarding actual and punitive damages pursuant to 11 U.S.C. § 362(k) against American Honda Finance Corporation d/b/a Honda Financial Services ("Honda"), and in support thereof states:

### I. JURISDICTION AND PROCEDURAL BACKGROUND

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

2. Debtor filed a voluntary Chapter 7 petition on January 6, 2026 (Case No. 26-10076-RAM). The automatic stay under 11 U.S.C. § 362(a) arose immediately upon filing.

3. Honda Financial Services / American Honda Finance Corporation ("Honda") appears on the official Label Matrix generated March 18, 2026 at 00:27:44 EDT, confirming Honda received official court notice of this bankruptcy.

4. Honda holds a vehicle lease (Account No. 475800646) for Debtor's 2024 Honda CRV, VIN: 2HKRS3H74RH310883, Maturity Date December 26, 2026.

## II. STATEMENT OF FACTS

5. Prior to the bankruptcy filing, Honda mailed all correspondence to Debtor's former address: 10512 SW 181st Street, Miami, FL 33157, as evidenced by Honda's own letter dated November 29, 2025.

6. Debtor filed bankruptcy on January 6, 2026. The Clerk of Court sent official notice to all creditors on the mailing matrix, including Honda, at the address provided in the schedules: 4225 SW 87th Ave #3, Miami, FL 33165.

7. On March 13, 2026 — sixty-seven (67) days after the automatic stay arose — Honda mailed Debtor a "Notice of Right to Cure Default" to Debtor's bankruptcy address of 4225 SW 87th Ave #3, Miami, FL 33165. Honda had never previously used this address. The only source through which Honda could have obtained this updated address is the official bankruptcy court notification system. This constitutes direct, documentary proof that Honda had actual knowledge of the bankruptcy filing before sending the collection letter.

8. Honda's March 13, 2026 letter: (a) demands $5,152.76 in total payments, late fees and expenses; (b) imposes a deadline of March 28, 2026; and (c) explicitly threatens: "If you do not pay the AMOUNT NOW DUE by the LAST DAY FOR PAYMENT, we may repossess the collateral."

9. Honda appended a boilerplate disclaimer stating the letter is "for informational purposes only." This disclaimer does not immunize Honda from liability, as the substantive content of the letter constitutes a demand for payment and a threat of repossession — both prohibited acts under § 362(a).

## III. LEGAL ARGUMENT

### A. Honda Willfully Violated the Automatic Stay

10. The automatic stay under 11 U.S.C. § 362(a) prohibits, inter alia:

*§ 362(a)(1):* "the commencement or continuation... of a judicial, administrative, or other action or proceeding against the debtor... to recover a claim against the debtor that arose before the commencement of the case;"

*§ 362(a)(3):* "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;"

*§ 362(a)(6):* "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case."

11. The Eleventh Circuit has established the controlling test for a "willful" stay violation: the creditor must have (1) known the automatic stay was in effect and (2) intended the actions which violated the stay. Specific intent to violate the stay is not required. Jove Engineering, Inc. v. IRS, 92 F.3d 1539, 1555 (11th Cir. 1996). "Willfulness generally connotes intentional action taken with at least callous indifference for the consequences." Id. (citation omitted).

12. Honda satisfies both prongs: (a) Honda had actual knowledge of the bankruptcy, evidenced by the address change described above; and (b) Honda intentionally mailed a collection letter threatening repossession. This is a textbook willful violation under Jove Engineering.

13. Honda cannot hide behind computer-generated letter defenses. Courts in this circuit have held that even computer-generated notices constitute willful violations when the creditor had prior knowledge of the bankruptcy. In re Lyubarsky, Case No. 18-16659-LMI (Bankr. S.D. Fla. Apr. 20, 2020) (citing Jove Engineering). Unlike a computer-generated error, Honda's March 13 letter was a formal, signed collection notice sent to a specific updated address — an affirmative act demonstrating actual human decision-making.

14. Boilerplate disclaimers do not cure stay violations. A creditor that includes a bankruptcy disclaimer while simultaneously demanding payment and threatening repossession has not acted in good faith; it has attempted to "have it both ways" in clear reckless disregard of federal bankruptcy law. The disclaimer here does not change the objective effect of the letter on Debtor — a demand for $5,152.76 under threat of repossession within 15 days.

**B. Creditor Must Take Affirmative Action to Cure the Violation**

15. A creditor that violates the stay is not merely required to stop — it "must also take all necessary affirmative action to stop the proceedings which are in violation of the automatic stay." In re Briskey, 258 B.R. 473, 477 (Bankr. M.D. Ala. 2001), cited in In re Lyubarsky (Bankr. S.D. Fla. 2020). Honda has taken no such action — it has not withdrawn the March 28 deadline or confirmed in writing that it will not repossess the vehicle.

## C. Emergency Relief Is Warranted

16. Under 11 U.S.C. § 362(f), the court may grant emergency relief from stay-related threats when a party's interest will suffer irreparable harm before a normal hearing can be held. Honda's March 28 deadline is ten days away. Debtor's sole vehicle — essential to his income as a professional delivery driver — faces imminent repossession. Loss of the vehicle would constitute irreparable harm that cannot be remedied after the fact.

## IV. DAMAGES PURSUANT TO 11 U.S.C. § 362(k)

17. Under 11 U.S.C. § 362(k)(1): "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." The award of actual damages upon a finding of willful violation is mandatory. Mantiply v. Horne (In re Horne), 876 F.3d 1076, 1081 (11th Cir. 2017).

## A. Actual Damages

18. Debtor seeks the following actual damages:

(a) Emotional Distress — $15,000: Debtor has suffered severe anxiety, fear, and emotional distress as a direct result of Honda's illegal threat to repossess his only vehicle and means of livelihood. The Eleventh Circuit recognizes emotional distress damages without requiring proof of financial harm. Lodge v. Kondaur Capital Corp., 750 F.3d 1263 (11th Cir. 2014); In re Lyubarsky, Case No. 18-16659-LMI (Bankr. S.D. Fla. 2020) (awarding emotional distress damages where debtor was already suffering anxiety disorder at time of stay violation).

(b) Lost Income and Livelihood Disruption — $8,000: Debtor is a self-employed delivery driver who depends entirely on his 2024 Honda CRV to earn income. Honda's illegal repossession threat has forced Debtor to expend substantial time preparing this emergency response instead of working, and has created a cloud of uncertainty over Debtor's ability to continue earning income.

(c) Time and Costs of Litigation — $2,000: Debtor has spent significant time researching, drafting, and filing this motion, as well as costs for PACER access, printing, and certified mail service. The Eleventh Circuit has confirmed that all fees and costs incurred in stopping a stay violation, prosecuting the damages action, and defending resulting judgments are recoverable as actual damages. Mantiply v. Horne (In re Horne), 876 F.3d 1076, 1081 (11th Cir. 2017) ("This explicit, specific, and broad language

permits the recovery of attorney's fees incurred in stopping the stay violation, prosecuting a damages action, and defending those judgments on appeal.").

TOTAL ACTUAL DAMAGES REQUESTED: $25,000

## B. Punitive Damages

19. Punitive damages are appropriate where the creditor's conduct is egregious or shows reckless disregard for the bankruptcy laws. Factors courts consider include: (1) the nature of the creditor's conduct; (2) the creditor's ability to pay; (3) the creditor's motive; and (4) any provocation by the debtor. See In re Hutchings, 348 B.R. 848 (Bankr. N.D. Ala. 2006).

20. All four factors favor punitive damages here:

(a) Nature of Conduct: Honda did not accidentally violate the stay — it received the court's official notice, updated Debtor's address using that information, and then deliberately sent a formal collection letter threatening repossession with a specific 15-day payment deadline. This is affirmative, deliberate conduct.

(b) Ability to Pay: American Honda Finance Corporation is a wholly-owned subsidiary of Honda Motor Co., Ltd., a Fortune Global 500 corporation with annual revenues exceeding $130 billion. A substantial punitive damages award is necessary to deter Honda from treating bankruptcy stays as optional.

(c) Motive: Honda's motive was to coerce Debtor into making a $5,152.76 payment on a pre-petition debt by threatening imminent repossession — a textbook § 362(a)(6) violation designed to use fear to override federal bankruptcy protections.

(d) No Provocation by Debtor: Debtor did nothing to provoke Honda's violation. Debtor properly filed bankruptcy, properly listed Honda as a creditor, and has complied with all court requirements.

21. Courts in this Circuit and nationwide have awarded substantial punitive damages in similar circumstances. The Eleventh Circuit affirmed punitive damages where a creditor had clear notice of bankruptcy and failed to dismiss an action it had filed. In re Horne, 876 F.3d 1076 (11th Cir. 2017). Courts have awarded $50,000 in punitives against debt collectors who deliberately violated the stay despite knowledge of bankruptcy. Courts have awarded $500,000 against mortgage servicers with systemic policies of ignoring bankruptcy notices. Alabama State Bar Journal, "The Automatic Stay: What Every Lawyer Should Know" (citing collected cases).

TOTAL PUNITIVE DAMAGES REQUESTED: $50,000

**GRAND TOTAL DAMAGES REQUESTED: $75,000**

**V. RELIEF REQUESTED**

WHEREFORE, Debtor respectfully requests this Court enter an Emergency Order:

a) Finding that American Honda Finance Corporation d/b/a Honda Financial Services willfully violated the automatic stay under 11 U.S.C. § 362(a)(1), (3), and (6);

b) Immediately enjoining Honda from repossessing, threatening to repossess, or taking any action against the 2024 Honda CRV, VIN: 2HKRS3H74RH310883, pending further order of this Court;

c) Ordering Honda to immediately confirm in writing that the March 28, 2026 repossession deadline is withdrawn and void;

d) Awarding actual damages of $25,000 pursuant to 11 U.S.C. § 362(k)(1);

e) Awarding punitive damages of $50,000 pursuant to 11 U.S.C. § 362(k)(1) and the equitable powers of this Court under 11 U.S.C. § 105(a);

f) Setting an emergency hearing on this matter at the Court's earliest availability before March 28, 2026; and

g) Granting such other and further relief as this Court deems just and equitable.

Respectfully submitted,

RAMIRO ANAYA, Pro Se

4225 SW 87th Ave #3

Miami, FL 33165

Phone: (786) 637-8283

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2026, a true and correct copy of the foregoing was served via U.S. Mail, First Class, Postage Prepaid, to:

**American Honda Finance Corporation d/b/a Honda Financial Services**

PO Box 168088

Irving, TX 75016

**Jacqueline Calderin, Chapter 7 Trustee**

1825 Ponce De Leon Blvd #358

Coral Gables, FL 33134

**Office of the U.S. Trustee**

51 S.W. 1st Ave., Suite 1204

Miami, FL 33130

---

RAMIRO ANAYA, Pro Se

4225 SW 87th Ave #3

Miami, FL 33165

Phone: (786) 637-8283

EXHIBIT

**⊞ HONDA**

## Financial Services

PO Box 168088
Irving, TX 75016
**Phone:** (866) 716-6444

Sent Via First-Class Mail®

March 13, 2026

RAMIRO ANAYA FERNANDEZ Care of Ramiro Anaya Fernandez (pro-se)
4225 SW 87TH AVE # 3
MIAMI, FL 33165-5333

RAMIRO ANAYA FERNANDEZ
10512 SW 181ST STREET
MIAMI, FL 33157

## NOTICE OF RIGHT TO CURE DEFAULT

**ACCOUNT NUMBER:**      00000475800646
**LAST DAY FOR PAYMENT:**    03/28/2026

### Description of Collateral:

| Year: 2024 | Model: CRV | Make: HONDA |
|---|---|---|
| VIN: 2HKRS3H74RH310883 | | Contract Date: 10/26/2023 |

| Amount Now Due as of 03/11/2026 | |
|---|---|
| Total Payments Due | $4,452.76 |
| Total Late Fees | $525.00 |
| Other Fees/Expenses | $175.00 |
| **AMOUNT NOW DUE** | **$5,152.76** |

This is formal notice that you are in default under your contract because you are late in making your payment(s). You are entitled to cure your default. In order to do so, you must pay the AMOUNT NOW DUE (shown above) by the LAST DATE FOR PAYMENT (shown above). If you pay the total AMOUNT NOW DUE by LAST DAY FOR PAYMENT, you may continue with the contract as though the default had not occurred. Payment may be sent to us at PO Box 7829, Philadelphia, PA 19101.

If you do not pay the AMOUNT NOW DUE by the LAST DAY FOR PAYMENT, we may repossess the collateral secured by the above-referenced contract and exercise all of our rights under the law.

**NOTE:** The acceptance of these or other late payments does not waive our right to repossess the collateral or take other appropriate action if you fail to make future payments on time. **You are required to make all payments on time.**

Please write us at PO Box 168088, Irving, TX 75016 or call us at (866) 716-6444, M-F 9:00am - 5:00pm CT if you have any questions regarding this notice.

You are receiving this notice due to the legal requirements of the state where you originally signed the

## SEE IMPORTANT CONSUMER NOTICES AT END OF LETTER

W_RTC_GEN   Rev. 04/2023

2410477607

*EXHIBIT*

agreement and/or the state where you currently reside.

Sincerely,

Honda Financial Services
PO Box 168088
Irving, TX 75016
(866) 716-6444

**IMPORTANT CONSUMER NOTICES:**

**If you are entitled to the protections of the United States Bankruptcy Code regarding the subject matter of this letter, this communication is not an attempt to collect a debt from you personally in violation of the bankruptcy code but is for informational purposes only.**

Honda Financial Services can report information about your Account to credit bureaus. Late payments, missed payments, or other defaults on your Account may be reflected in your credit report.

Products and company names mentioned herein may be the trademarks of their respective owners.



2410477607