**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

RAMIRO ANAYA

CASE NO.  26-10076-RAM
CHAPTER 7

Debtor.

_____/

**AMENDED[1] RESPONSE TO DEBTOR'S MOTION**
**FOR SANCTIONS FOR WILLFUL VIOLATION OF**
**THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(k)**

Creditor, American Honda Finance Corporation ("Honda"), responds to Debtor's Motion

for Sanctions for Willful Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362(k) (Doc.

No. 27) (the "Motion") and states:

1.      On October 26, 2023, the Debtor entered into a Closed End Motor Vehicle Lease

(the "Lease") with Honda for the lease of the following vehicle: 2024 Honda CRV; VIN:

2HKRS3H74RH310883 (the "Vehicle").  A copy of the Lease is attached hereto as Exhibit "A."

2.      The Debtor filed the instant Chapter 7 case on January 6, 2026.

3.      Pursuant to 11 U.S.C. §365(d)(1):

> **In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.**

4.      Neither the Debtor nor the Chapter 7 Trustee assumed the Lease within the 60 days

of the petition date. Consequently, the Lease was deemed rejected by operation of law on March

7, 2026.

---

[1] Amended solely to correct the signature block.

5.  11 U.S.C. §365(p)(1) states:

> **If a lease of personal property is rejected or not timely assumed by the trustee under subsection (d), the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated.**

6.  Accordingly, because the Lease was not assumed within the time required by § 365(d)(1), the automatic stay terminated as to Honda's interest in the Vehicle on March 7, 2026.

7.  The Debtor's Motion is based on a March 13, 2026 "Notice of Right to Cure Default." Because the automatic stay had already terminated prior to that date, the subject communication cannot, as a matter of law, constitute a violation of 11 U.S.C. § 362.

8.  Even assuming arguendo that the automatic stay remained in effect, the subject communication does not constitute an impermissible act to collect a debt.

9.  The correspondence at issue is a "Notice of Right to Cure Default," which was sent in connection with Honda's enforcement of its rights in the Vehicle following default under the Lease.

10.  The Lease permits Honda, upon default, to take take actions necessary to protect its interest in the Vehicle, including repossession and enforcement of its contractual remedies.

11.  Honda did not seek to impose personal liability on the Debtor[2]; rather, it sent a communication advising of the status of the account and Honda's rights in the collateral prior to repossession, which it was permitted to do after the termination of the automatic stay by operation of law.

---

[2] Indeed, had an assumption of the lease occurred within the stated timeframe, Debtor's personal liability under the Lease would be reimposed.  11 U.S.C. §365(p)(2)(B) ("…If, not later than 30 days after notice is provided under subparagraph (A), the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate.").

12.     The notice further included an express bankruptcy disclaimer stating that, to the extent the Debtor is protected by the Bankruptcy Code, it was provided for informational purposes only and not as an attempt to collect a debt.

13.     As set forth above, because the automatic stay had terminated prior to the subject communication, 11 U.S.C. § 362(k) does not apply, and the Debtor is not entitled to damages as a matter of law.

14.     Notwithstanding the inapplicability of § 362(k), the damages claimed are speculative and unsupported as no repossession occurred and the Debtor retained possession and use of the Vehicle at all relevant times.

15.     Likewise, punitive damages under § 362(k) require egregious, intentional, or reckless conduct.  The issuance of a single notice, containing an express bankruptcy disclaimer and sent in connection with Honda's in rem rights, does not rise to the level of conduct necessary to support punitive damages, particularly when the automatic stay is not in effect as to Honda's interest in the Vehicle.

16.     The Debtor seeks $75,000 in damages for a perceived violation of the automatic stay based on a single communication sent after the automatic stay had already terminated.

17.     For all of the foregoing reasons, the Motion should be denied.

**WHEREFORE**, Honda respectfully requests the Court deny the Debtor's Motion, and for such other and further relief as the Court deems appropriate.

*/s/ Gavin N. Stewart*
Gavin N. Stewart, Esquire
Florida Bar Number 52899
P.O. Box 5703
Clearwater, FL 33758
P: (727) 565-2653/F: (727) 213-9022
E:bk@stewartlegalgroup.com
Counsel for Honda

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF notice and first class mail this 15th day of April 2026.

/s/ Gavin N. Stewart
Gavin N. Stewart, Esquire

**VIA FIRST CLASS MAIL**
Ramiro Anaya
4225 SW 87 Ave #3
Miami, FL 33165

**VIA CM/ECF NOTICE**
Jacqueline Calderin
1825 Ponce De Leon Blvd #358
Coral Gables, FL 33134

U.S. Trustee
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130