**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:

RAMIRO ANAYA                                                     CASE NO. 26-10076-RAM
FERNANDEZ                                                        CHAPTER 7

          Debtor.

_____/

### AMENDED[1] RESPONSE TO DEBTOR'S EMERGENCY MOTION TO ENFORCE AUTOMATIC STAY, VOID STATE-COURT FILINGS, AND FOR SANCTIONS FOR WILLFUL VIOLATION OF 11 U.S.C. § 362

Creditor, Tania Rangel, as duly appointed Personal Representative of the Estate of Gonzalo R. Perez, responds to Debtor's Motion to Enforce Automatic Stay, Void State-Court Filings, and for Sanctions for Willful Violation of 11 U.S.C. § 362 (Doc. No. 43) (the "Motion") and states:

1.      The Debtor entered into a verbal rental agreement for the residential real property located at 4225 SW 87th Avenue, #3, Miami, FL 33165 Owned by Gonzalo Perez, deceased.

2.      There is a Probate case in the matter of the Estate of Gonzalo Perez in Miami-Dade County case number 2024-3040-CP-02 to administer the Decedent's estate.

3.      On July 17, 2025, the Debtor filed a claim as creditor against the Estate of Gonzalo Perez in the sum of $5,200.00. On July 29, 2025, Tania Rangel as Personal Representative of the Estate of Gonzalo Perez, filed an Objection to the Claim, which was delivered to the Debtor on August 4, 2025.

_____

[1] Amended solely to attach exhibits

4.      Pursuant to Florida Probate Rule 5.496 and Section 733.705 of the Florida Probate Code, the Claim had thirty (30) days from the date of service of the Objection to Claim to bring an independent action. Mr. Fernandez did not file an independent action as creditor in the Probate case.

5.      On May 13, 2026, Tania Rangel requested the entry of an Order Striking the Claim of Ramiro Anaya Fernandez, as creditor.

6.      Thereafter on May 18, 2026, Mr. Fernandez filed his "Creditor's Verified Response in Opposition To Personal Representative's Motion To Strike Creditor's Claim [DIN 121 / DOCKET Index NO. 45], Notice of Continuing Automatic Stay, and Request to Hold Motion in Abeyance."

7.      On December 15, 2025, the Creditor filed a Complaint for Eviction in Miami-Dade County case number 2025-192838-cc-25 seeking possession of the premises.

8.      The Debtor filed an Answer to the Complaint for Eviction on December 29, 2025.

9.      The Debtor filed the instant Chapter 7 case on January 6, 2026.

10.      Pursuant to 11 U.S.C. SS365(d)(1):

**In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.**

11.      Neither the Debtor nor the Chapter 7 Trustee assumed the Lease within the 60 days of the petition date. Consequently, the expired lease of residential real property was deemed rejected by operation of law on March 7, 2026.

12.      Accordingly, because the Lease was not assumed within the time required by § 362(d)(1), the automatic stay terminated as to Tania Rangel's interest in the lease of residential

property located at 4225 SW 87th Avenue, #3, Miami, FL 33165 on March 7, 2026.

13. On May 5, 2026, the Meeting of Creditors was held and concluded. The Chapter 7 Trustee issued a Report of No Distribution.

14. The Debtor's Motion is based on

a. The Motion to Strike Creditor's filed in the Probate Division of the Eleventh Judicial Circuit In Re Estate of Gonzalo R. Perez, Case No. 2024-3040-CP-02.

b. The Motion to Reinstate Case to Pending Status filed in the eviction case filed by Tania Rangel, on behalf of The Estate of Gonzalo Perez against Ramiro Anaya Fernandez, in Miami-Dade County Court eviction, Case number 2025-192838-CC-25 filed on May 14, 2026.

15. Because the automatic stay had already terminated prior to that date, the subject Motion to Enforce Automatic Stay cannot as a matter of law, constitute a violation of 11 U.S.C. § 362.

16. Even assuming that the automatic stay remained in effect, neither the Motion to Strike Claim filed by Mr. Fernandez as creditor of the Estate of Gonzalo Perez nor the Motion to Reinstate Case to Pending Status filed in the eviction case constitute an impermissible act to collect a debt.

17. The Motion to Reinstate Case to Pending Status in the eviction case to reinstate the case to active status was filed after the stay concluded.

18. The Lease permits the creditor, upon default, to take actions necessary to protect its interest in the residential property, including eviction and enforcement of its contractual remedies.

19. Ms. Rangel in the Eviction case did not seek to impose personal liability on the Debtor; rather, undersigned filed a Motion to Reinstate the Eviction case seeking a judgment for

possession, which it was permitted to do after the termination of the automatic stay by operation of law.

20.    As set forth above, because the automatic stay had terminated prior to the subject Motion in either case, 11 U.S.C. § 362(k) does not apply, and the Debtor is not entitled to damages as a matter of law.

21.    Notwithstanding the inapplicability of § 362(k), the damages claimed are speculative and unsupported as in the eviction case remains inactive, and the Debtor retained possession and use of the property located at 4225 SW 87th Avenue, #3, Miami, FL 33165.

22.    The Debtor seeks $10,000.00 in damages for a perceived violation of the automatic  stay after the automatic stay had already terminated.

23.    For all of the foregoing reasons, the Motion should be denied.

**WHEREFORE**, Tania Rangel respectfully requests the Court deny the Debtor's Motion, and  for such other and further relief as the Court deems appropriate.

Respectfully submitted,

By: /s/Ana C. Augusto
Ana C. Augusto, Esq.
Florida Bar No. 18067
7951 S.W. 40 Street, Suite 202
Miami, Florida 33155
Tel. (305) 507-7655
Primary E-Mail: service@augustolaw.com
Secondary Email: assistant@augustolaw.com
and info@augustolaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF notice and first class mail this 2nd day of June, 2026.

**VIA FIRST CLASS MAIL**
RAMIRO ANAYA FERNANDEZ
4225 SW 87th Avenue, #3
Miami, FL 33165

**VIA CM/ECF NOTICE**
Jacqueline Calderin
1825 Ponce De Leon Blvd #358
Coral Gables, FL 33134

U.S. Trustee
Office of the US Trustee
51 S.W. 1st Ave.Suite 1204
Miami, FL 33130