

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**In re:**

**RAMIRO ANAYA FERNÁNDEZ,**          Case No. 26-10076-RAM

Debtor.          Chapter 7

_____/

### DEBTOR'S REPLY TO RESPONDENT'S AMENDED RESPONSE TO MOTION TO ENFORCE AUTOMATIC STAY, VOID STATE-COURT FILINGS, AND FOR SANCTIONS FOR WILLFUL VIOLATION OF 11 U.S.C. § 362 (Doc. 43)

Debtor, Ramiro Anaya Fernández, hereby files this Reply to the Amended Response of Tania Rangel, as Personal Representative of the Estate of Gonzalo R. Perez (Doc. 55), filed on June 2, 2026 by Ana C. Augusto, Esq., and in support states:

### I. PRELIMINARY STATEMENT

Respondent's defense rests on a single legal theory: that a deemed rejection of the residential lease under 11 U.S.C. § 365(d)(1) simultaneously terminated the automatic stay under 11 U.S.C. § 362, thereby authorizing the filing of the Motion to Strike in probate court on May 13, 2026 and the Motion to Reinstate in eviction court on May 14, 2026. This theory is legally incorrect and directly contradicted by the plain text of the Bankruptcy Code and binding Eleventh Circuit authority. Moreover, this Court has already confirmed the operative rule: unless stay relief is granted, the automatic stay remains in effect as to both state-court matters.

### II. ARGUMENT

### A. This Court Has Confirmed the Operative Rule: Without Stay Relief, the Automatic Stay Remains in Effect

This Court's May 19, 2026 Order Setting Hearing (Doc. 48, ¶ 6) expressly confirmed, for purposes of this pending stay-enforcement dispute, that: "Unless the Court enters an Order granting stay relief, the automatic stay remains in effect, as to the probate case, Case No. 2024-003040-CP-02, and eviction action, Case No. 2025-192838-CC-25." That confirmation was entered in full awareness of Respondent's position regarding § 365(d)(1). Respondent has offered no basis to deviate from the rule this Court has already stated on the record.

### B. Section 365(d)(1) Lease Rejection Does Not Terminate the Automatic Stay Under § 362

Respondent's central argument conflates two entirely separate Code provisions: § 365(d)(1) (deemed rejection of lease for estate administration purposes) and § 362 (automatic stay). These are independent provisions with independent legal effects.

The automatic stay under § 362(a) arises automatically upon the filing of the bankruptcy petition and remains in effect until one of the specific termination events listed in § 362(c) occurs, or until the Court grants relief under § 362(d). As the Eleventh Circuit has held, "[u]nless the action comes under an exception in 11 U.S.C. § 362(b) or a party receives relief from the stay under 11 U.S.C. § 362(d), the stay generally remains in effect until the bankruptcy court disposes of the case." *Kenneth Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1267 (11th Cir. 2014).

Section 365(d)(1) does not appear anywhere in the § 362(b) list of exceptions to the automatic stay, nor does it constitute a § 362(d) order granting relief from the stay. No such order was entered in this case. Respondent did not seek stay relief from this Court before filing in state court. Section 365(d)(1) addresses deemed rejection — it does not operate as a self-executing order lifting the automatic stay in a residential eviction case.

Furthermore, the Eleventh Circuit has established that rejection of a contract or lease under § 365 "does not make the contract disappear" and "has absolutely no effect upon the contract's continued existence." *Jeffrey J. Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294, 1307 (11th Cir. 2007). Rejection constitutes only a deemed breach; it does not dissolve the parties' relationship or the stay protecting the debtor.

## C. Section 365(p)(1) Applies Exclusively to Personal Property Leases — Not to Residential Real Property

The plain text of 11 U.S.C. § 365(p)(1) provides: "If a lease of personal property is rejected or not timely assumed . . . the leased property is no longer property of the estate." 11 U.S.C. § 365(p)(1) (emphasis added). This provision applies exclusively to personal property.

The Eleventh Circuit construed § 365(p)(1) in *Microf LLC v. Paul L. Cumbess*, 960 F.3d 1325 (11th Cir. 2020), in the context of a personal property lease (an HVAC unit). The provision does not apply to residential real property. The premises at 4225 SW 87th Avenue, #3, Miami, FL 33165 is residential real property. Respondent cannot import the personal-property lease theory into a residential eviction.

This Court confirmed precisely this distinction in Doc. 49/52, which terminated the automatic stay only as to the Honda vehicle — personal property — using the word "Car" specifically. That ruling reinforces that § 365(p)(1) has no application to residential real property. If even Honda, in the strongest personal-property context, still required an order from this Court before proceeding, Respondents had no reasonable basis to proceed in state court over a disputed residential tenancy without seeking stay relief.

## D. Respondent's Actions Violated § 362(a)(3) and, Conditionally, § 362(a)(6)

Section 362(a)(3) prohibits any act to obtain possession of property of the estate or to exercise control over property of the estate. Under 11 U.S.C. § 541(a)(1), the bankruptcy estate includes all legal or equitable interests of the debtor in property as of commencement of the case. Debtor's $5,200 probate creditor claim is a legal and economic interest constituting property of the estate. The Motion to Strike Creditor's Claim (Doc. 55-1) is an affirmative request that a state probate court extinguish that property interest — at minimum, an act to exercise control over property of the estate without relief from this Court, in violation of § 362(a)(3).

Respondent attempts to reduce this matter to a simple landlord-tenant dispute, but that characterization is incomplete. Debtor is both an alleged occupant of estate property and a creditor claimant of the Probate Estate. The $5,200 probate creditor claim constitutes a legal and economic interest that became property of Debtor's bankruptcy estate upon the filing of the Chapter 7 petition. Respondents' coordinated attempt to reinstate the eviction while simultaneously seeking to strike Debtor's probate claim demonstrates that the state-court filings were not isolated landlord-tenant acts, but coordinated efforts affecting Debtor's protected rights as both a bankruptcy debtor and a creditor claimant of the Probate Estate — without authorization from this Court.

To the extent Respondent relies on alleged rent arrears or setoff theories to defeat Debtor's claim, such actions also implicate § 362(a)(6)'s prohibition on acts to collect, assess, or recover a pre-petition claim against the Debtor. The Motion to Reinstate in the eviction case also violates § 362(a)(1), which stays the continuation of any judicial action against the Debtor that was or could have been commenced before the petition date. The eviction action is precisely such a proceeding.

Respondent argues in Doc. 55, ¶ 19 that only possession was sought. This is contradicted by the Complaint for Eviction (Case No. 2025-192838-CC-25), which contains an express rent demand. Moreover, Respondent cannot simultaneously treat the tenancy as terminated for eviction purposes and characterize the same relationship as a valid unexpired lease for bankruptcy purposes. See *Harris v. Gonzalez*, 789 So. 2d 405 (Fla. 4th DCA 2001); Fla. Stat. § 83.59.

## E. Both Respondents Had Actual Knowledge — Willfulness Is Established Under *Jove Engineering*

The Eleventh Circuit's standard is clear: "A 'willful violation' of the automatic stay occurs when the violator (1) knew the automatic stay was in effect and (2) intended the actions which violated the stay, regardless of whether the violator specifically intended to violate the stay." *Jove Engineering, Inc. v. IRS*, 92 F.3d 1539, 1555 (11th Cir. 1996).

Both Tania Rangel and Ana C. Augusto, Esq. appear on the official Label Matrix for this bankruptcy case and had actual notice of the automatic stay. Respondent's own Motion to Reinstate (Doc. 55-2) expressly acknowledges the January 6, 2026 bankruptcy filing and the resulting automatic stay. This admission eliminates any claim of lack of knowledge. The coordinated filings — probate at 6:41 PM on May 13 and eviction at 4:00 PM on May 14, less than 25 hours apart — were intentional acts taken with actual knowledge of the pending bankruptcy. Both elements of *Jove Engineering* willfulness are satisfied.

## F. Respondent Has Not Established a Valid Written Fixed-Term Lease — At Most, an Oral Month-to-Month Tenancy Existed

Respondent's Doc. 55 repeatedly refers to 'the Lease,' yet no written, signed lease between Tania Rangel and Debtor has ever been produced. Respondent concedes the arrangement was verbal (Doc. 55, ¶ 1). Under Florida law, this matters significantly.

Florida Statute § 83.01 provides that any lease not in writing and signed by the lessor 'shall be deemed and held to be a tenancy at will.' Where the rent is payable monthly, the tenancy is month-to-month. *Sill v. Smith*, 177 So. 2d 265, 267 (Fla. 2d DCA 1965) ('an "oral lease" results in a "tenancy at will only"'). Because Debtor paid rent monthly and no written lease was signed by Tania Rangel, what existed — at most — was an oral month-to-month tenancy at will. This is categorically different from the written, fixed-term vehicle lease at issue in the Honda matter that Ana C. Augusto's theory was built upon.

Moreover, Respondent served a Three Day Notice to Tenant, attached as Exhibit A to the eviction Complaint and also reflected in the probate record, and subsequently filed an eviction Complaint in December 2025. Florida authority recognizes that when a landlord brings legal proceedings to evict a tenant, such eviction may terminate the lease and forfeit future rent. *See Stiles v. Lemongello*, 10 Fla. Supp. 2d 29 (Fla. Orange Cty. Ct. 1985), citing *Wagner v. Rice*, 97 So. 2d 267 (Fla. 1957). Respondent cannot simultaneously treat the tenancy as terminated for eviction purposes while characterizing the same relationship as an unexpired lease for bankruptcy purposes. See also Fla. Stat. § 83.59.

**Critically, however, none of the foregoing eliminates the automatic stay.** Even if § 365(d)(1) applied to an oral month-to-month tenancy, deemed rejection under that provision is not stay relief. It does not authorize Respondents to resume the eviction action or file probate motions without an order from this Court. Section 362(c) sets forth the specific events that terminate the automatic stay — case closure, dismissal, discharge, or property leaving the estate. A deemed rejection under § 365(d)(1) is not among them. As the Eleventh Circuit has held, rejection of a contract or lease 'does not make the contract disappear' and 'has absolutely no effect upon the contract's continued existence.' *Jeffrey J. Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294, 1307 (11th Cir. 2007). Rejection under § 365(g) constitutes a deemed breach — not an automatic order lifting the stay.

The eviction record itself exposes the inconsistency in Respondent's position. In the Complaint for Eviction (Case No. 2025-192838-CC-25, ¶ 4), filed December 15, 2025, Respondent expressly alleged that "Defendant has possession of the property under an oral agreement to pay monthly rent of $1,300.00." The Three Day Notice attached as Exhibit A to that same Complaint demanded $5,200.00 for "rent and use of the premises" and demanded either payment in full or possession pursuant to Fla. Stat. § 83.56. Yet before this Court, Respondent now refers to the same arrangement as "the Lease" and attempts to use § 365(d)(1) as a self-executing stay-termination mechanism. A party cannot plead an oral monthly rental agreement in state court while asking this Court to treat that same arrangement as an unexpired lease that automatically authorized post-

petition state-court filings without stay relief. This inconsistency undermines the entire foundation of Respondent's § 365(d)(1) theory.

## G. Damages Are Not Speculative and Should Be Determined at Hearing

Respondent claims (Doc. 55, ¶ 21) that damages are speculative because the Debtor retained possession and the eviction case remains inactive. This mischaracterizes the legal standard. Section 362(k) mandates actual damages for any willful violation. The Eleventh Circuit has held that actual damages under § 362(k) may include emotional distress damages where significant emotional distress is clearly established and causally connected to the violation. *Kenneth Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1271 (11th Cir. 2014).

Debtor is a pro se individual who sustained: actual out-of-pocket costs (transportation, copying, filing); lost work time as an independent contractor; emergency litigation burden across two state courts and this Court simultaneously; and significant emotional distress caused by the coordinated threat to his housing and to his $5,200 estate property interest. These are actual damages under § 362(k). Punitive damages are also appropriate if this Court finds circumstances warranting them, given the coordinated, multi-forum nature of the violations.

Furthermore, the Motion to Strike Creditor's Claim directly threatens Debtor's $5,200 property interest in the estate. Any order granting that motion while the stay is in effect would be void ab initio. *See Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982) (acts in violation of the automatic stay are void, not merely voidable).

## H. Ana C. Augusto, Esq. Has Not Appeared Individually — And Her Dual Position Creates a Conflict Requiring Judicial Inquiry

Doc. 43 named two separate Respondents: Tania Rangel and Ana C. Augusto, Esq. Personal monetary sanctions were requested against each. Doc. 55 was filed by Ana C. Augusto solely in her capacity as attorney for Tania Rangel as Personal Representative. Ms. Augusto did not indicate that she was appearing in her individual capacity, did not designate Doc. 55 as her personal response, and did not present a separate defense to the sanctions requested against her personally. Debtor respectfully requests that this Court determine that Ana C. Augusto, Esq. has not filed an individual response to the sanctions sought against her personally, and treat those allegations as unopposed unless she establishes otherwise on the record.

Ana C. Augusto, Esq. is not a bystander to these proceedings. She personally signed and filed both state-court motions at issue: the Motion to Strike Creditor's Claim in probate court on May 13, 2026, and the Motion to Reinstate in eviction court on May 14, 2026. Her own knowledge, intent, conduct, and filing strategy are directly in controversy. She is, in effect, a necessary fact witness regarding the very acts for which sanctions are sought.

If Ms. Augusto contends that Doc. 55 also constitutes her individual defense, a serious potential conflict arises: she would be simultaneously defending Tania Rangel and defending her own conduct and personal financial exposure to sanctions in the same proceeding. Tania Rangel and

Ana C. Augusto, Esq. are separately situated parties with potentially divergent interests — Tania Rangel as the party on whose behalf the filings were made, and Ms. Augusto as the attorney who executed them. What serves one may not serve the other.

Debtor respectfully requests that the Court require each Respondent to clarify her separate position on the record and determine whether Ms. Augusto may continue representing Tania Rangel in this contested matter while her own conduct and potential personal liability are directly at issue. This Court has authority and responsibility to inquire into conflicts of interest affecting the integrity of proceedings before it.

### III. CONCLUSION

For the foregoing reasons, Debtor respectfully requests that this Court:

1. Confirm that the automatic stay under 11 U.S.C. § 362 remains in effect as to both the probate case (2024-003040-CP-02) and the eviction action (2025-192838-CC-25) and that no stay relief was obtained before Respondents filed the state-court motions at issue;

2. Find that Respondent's filing of the Motion to Strike Creditor's Claim on May 13, 2026 and the Motion to Reinstate on May 14, 2026 constitute willful violations of the automatic stay under 11 U.S.C. § 362(a)(1), § 362(a)(3), and, to the extent Respondent relied on alleged rent arrears or setoff, § 362(a)(6);

3. Declare said state-court filings void ab initio pursuant to *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306 (11th Cir. 1982);

4. Award actual damages, actual out-of-pocket costs, lost work time, emotional distress damages if proven at hearing, and punitive damages if the Court finds appropriate circumstances, pursuant to 11 U.S.C. § 362(k);

5. Determine that Ana C. Augusto, Esq. has not filed an individual response to the sanctions sought against her personally in Doc. 43, and treat those allegations as unopposed unless she establishes otherwise on the record; require each Respondent to clarify her separate position; and determine whether Ms. Augusto may continue representing Tania Rangel while her own conduct and potential personal liability are directly at issue; and

6. Grant such other and further relief as this Court deems just and proper.
Attachment 1:
Exhibit A – Eviction Complaint and Three-Day Notice

Respectfully submitted,

**RAMIRO ANAYA
FERNÁNDEZ** Debtor, Pro Se
4225 SW 87 Ave #3
Miami, FL 33165
Tel: (786) 637-8283

Email: gomezfelipe8235@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 9, 2026, a true and correct copy of the foregoing was served via U.S. Mail and email, aud through CM/ECF to the extent generated by the Court's electronic filing system, to:

Ana C. Augusto, Esq., individually and as attorney for Respondent Tania Rangel
7951 S.W. 40 Street, Suite 202, Miami, Florida 33155
service@augustolaw.com; assistant@augustolaw.com; info@augustolaw.com

Tania Rangel, Personal Representative
Estate of Gonzalo R. Perez
11840 SW 170th Street, Miami, FL 33177-2157

Email:05taniaperez@gmail.com

Jacqueline Calderin, Chapter 7 Trustee
1825 Ponce De Leon Blvd #358, Coral Gables, FL 33134

Office of the U.S. Trustee
51 S.W. 1st Ave., Suite 1204, Miami, FL 33130

**RAMIRO ANAYA FERNÁNDEZ**
Debtor, Pro Se

IN THE COUNTY COURT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

TANIA RANGEL, on behalf of
The Estate of GONZALO
PEREZ,

Plaintiff,

vs.

RAMIRO ANAYA FERNANDEZ, and
All Others in Possession,

Defendant.

_____/

## COMPLAINT FOR EVICTION

**COMES NOW**, Plaintiff, TANIA RANGEL on behalf of The Estate of GONZALO PEREZ, sues Defendant, RAMIRO ANAYA FERNANDEZ, and all others in possession thereof, and alleges as follows:

1. This is an action to evict a tenant from real property located in Miami-Dade County, Florida.

2. Plaintiff is the Personal Representative of the Estate of Gonzalo Perez, Deceased, 2024-003040-CP-02, owns the following described real property in Miami-Dade County: 4225 SW 87th Avenue, #3, Miami, FL 33165.

3. The Defendant is sui juris and is not in the military service of the United States.

4. Defendant has possession of the property under an oral agreement to pay monthly rent of $1,300.00.

5. Defendant failed to pay the total rent due for the month of May 2025 and all subsequent months to date, leaving a current balance of $10,400.00.

6. On August 20, 2025, Plaintiff served Defendant with a Three (3) Day Notice, by way of Process Server, to deliver possession of the premise. The Process Server hand-delivered the Three Day Notice to Defendant on the premises, giving written notice to Defendant of the violation of the oral agreement pursuant to § 83.03, Florida Statutes. A true and correct copy of the Three Day Notice and Return of Service are attached as **Exhibit "A".**

7. Defendant has failed to deliver possession of the premises.

**WHEREFORE**, Plaintiff, TANIA RANGEL on behalf of The Estate of Gonzalo Perez, demands judgment for possession of the property against Defendant and any other relief this Court deems just and proper.

Respectfully submitted,

By: *Ana C. Augusto*

Ana C. Augusto, Esq.
Florida Bar No. 18067
7951 S.W. 40 Street, Suite 202
Miami, Florida 33155
Tel. (305) 507-7655
E-Mail: service@augustolaw.com
Primary Email: ana@augustolaw.com
Secondary Email: info@augustolaw.com

# Exhibit "A"

8/20/2025
3:55 PM
CA# 10086
JM

## THREE DAY NOTICE TO TENANT
### Demand for Possession
### Pursuant to Florida Statutes 83.56

Mr. Ramiro Anaya Fernandez
And all others in possession
4225 SW 87th Avenue, #3
Miami-Dade County, Florida 33165

You are hereby notified that you are indebted to TANIA RANGEL, in the sum of **$5,200.00** as of today for the rent and use of the premises located at: **4225 SW 87th Avenue, in Miami-Dade County, Florida 33165,** now occupied by you.

Tania Rangel demands payment of the rent in full or possession of the premises within (3) days (excluding, Saturday, Sunday, and legal holidays) from the date of delivery of this notice, to wit: on or before **Monday, August 25, 2025.**

/s/ Ana C. Augusto
Ana C. Augusto, Esq.
On behalf of Tania Rangel as personal representative
Of the Estate of Gonzalo Perez
7951 Bird Road, Suite 202
Miami, Florida 33155
(305) 507 - 7655
service@augsutolaw.com

## CERTIFICATE OF SERVICE

I, _Jose Mendez_, certify that a copy of this notice has been furnished to the above-named tenant on August 20, 2025 by the following means:

[X] Hand Delivery
[ ] Posted on the Door

_____
Signature

NOT AN OFFICIAL COPY - PUBLIC ACCESS - NOT AN OFFICIAL COPY - PUBLIC ACCESS

# RETURN OF SERVICE

**State of Florida**                                                                                          **County of Miami-Dade**

Case Number: X

Plaintiff:
**Tania Rangel as personal representative**
**Of the Estate of Gonzalo Perez**

vs.

Defendant:
**Mr. Ramiro Anaya Fernández**
**And all others in possession**

For:
LAW OFFICES OF ANA C. AUGUSTO
7951 Sw 40 Street
Miami, FL 33155

Received by Brickell Courier Services on the 19th day of August, 2025 at 6:43 pm to be served on **Mr.**
**Ramiro Anaya Fernandez And All Others In Possession, 4225 Sw 87th Avenue, #3, Miami, FL 33165.**

I, Jose Mendez, do hereby affirm that on the **20th day of August, 2025** at **3:55 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **3 Day Notice** with the date and
hour of service endorsed thereon by me, to: **Mr. Ramiro Anaya Fernandez And All Others In**
**Possession** at the address of: **4225 Sw 87th Avenue, #3, Miami, FL 33165**, and informed said person of
the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 35, Sex: M, Race/Skin Color: Hispanic, Height: 5"7", Weight: 175, Hair:
Bald, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process
Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I
declare that I have read the forgoing return of service and that the facts stated in it true per F.S. 92.535(2).
Notary not required

_____
**Jose Mendez**
CPS# 10088

**Brickell Courier Services**
**P.O Box 01-1310**
**Miami, FL 33101**
**(305) 350-3224**

Our Job Serial Number: BKS-2025000740
Ref: Tania Rangel # 3

Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a