**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:                                                          Case No. 26-10076-RAM
RAMIRO ANAYA FERNANDEZ,                      Chapter 7
     Debtor.

_____/

**RESPONSE IN OPPOSITION TO DEBTOR'S MOTION FOR ENTRY OF DEFAULT,**
**TO STRIKE RESPONSE, TO REQUIRE INDEPENDENT COUNSEL, AND TO**
**PRECLUDE FURTHER REPRESENTATION [DE 61]**

Ana C. Augusto, Esq. ("Augusto"), counsel of record for Creditor Tania Rangel, as

Personal Representative of the Estate of Gonzalo R. Perez (the "Personal Representative"), and

solely to the extent the Debtor seeks relief against Augusto personally, responds in opposition to

the Debtor's Motion for Entry of Default Against Ana C. Augusto, Esq., to Strike the Response

Filed by Conflicted Counsel, to Require Independent Counsel for Tania Rangel, and to Preclude

Ms. Augusto from Further Representation [DE 61] (the "Motion for Default"), and states:

**PRELIMINARY STATEMENT**

1.     The Motion for Default rests on two incorrect premises: first, that naming counsel

in a sanctions motion converted counsel into a party subject to default; and second, that the Court

required two separate responses to the Debtor's Motion to Enforce Stay, Void State-Court filings

and for Sanctions and for Violating the Automatic Stay [DE 43]. Augusto is counsel of record for

the Personal Representative in the both state court cases and in this case.

2.     The Order Setting Filing Deadlines and Hearing by Video Conference on Motion

to Enforce Stay [DE 48] did not direct each named person to file a separate response.  It directed

"Tania Rangel and Ana C. Agusto, Esq. to file a response to the Motion to Enforce Stay no later

than June 2, 2026."

3.      On June 2, 2026, an Amended Response to Debtor's Emergency Motion to Enforce Stay, Void State-Court filings and for Sanctions [DE 55]. It was intended to address the Motion to Enforce Stay [DE 43] allegations and requested sanctions as to both the Personal Representative and counsel.

4.      The Court then held the June 11, 2026, hearing and entered an Order Reserving on Debtor's Motion to Enforce and Setting Further Deadlines [DE 57]. That Order expressly identified the Amended Response [DE 55] as "the Response," reserved ruling on the Debtor's Motion to Enforce [DE 43], and established the next filings. The Court did not enter a default against undersigned, strike the Response [DE 55], require a second response, or require the Personal Representative to retain substitute counsel. Instead, the Order at paragraph 2, directed the Personal Representative to file the Stay Relief Motion that became DE 59.

5.      The Motion for Default seeks to convert counsel for Tania Rangel into a party and to have this court interpret representation as a disqualification event. Neither the governing rules nor the record supports that relief. The Motion for Default should be denied in full.

PROCEDURAL BACKGROUND

6.      On May 15, 2026, the Debtor filed a Motion to Enforce [DE 43], seeking relief and sanctions against Tania Rangel, as Personal Representative of the Estate of Gonzalo R. Perez (the "Personal Representative"), and her counsel, Ana C. Augusto, Esq.

7.      On May 19, 2026, the Court entered [DE 48], setting a hearing and requiring the Personal Representative and Augusto to "file a response" by June 2, 2026. [DE 48].

8.      On June 2, 2026, DE 55 was timely filed. It responded to DE 43 paragraph by paragraph, disputed that the automatic stay remained in effect, disputed that the challenged filings violated 11 U.S.C. § 362, disputed willfulness and damages, and requested denial of DE

43. DE 55 was intended as the response of both named respondents to the allegations and sanctions requested in DE 43.

9. On June 11, 2026, the Court held the scheduled hearing and on June 16, 2026, the Court entered [DE 57]. The Court called DE 55 "the Response," reserved on DE 43, required the Personal Representative to file a stay-relief motion by July 2, 2026, and stated that the Court would later set further hearings on both the Stay Relief Motion and DE 43. [DE 57].

10. The Personal Representative timely filed the Stay Relief Motion on July 2, 2026. [DE 59]. The Debtor filed the Motion for Default the same day. [DE 61].

## **ARGUMENT**

11. Augusto appears in this bankruptcy case as counsel for the Personal Representative. She did not file a claim in her own name, commence an adversary proceeding, or otherwise appear as a party asserting an individual claim. The Debtor's Motion to Enforce Stay [DE 43] names Attorney Augusto, opposing counsel to Debtor, and requests sanctions did not, without more, transform counsel into a plaintiff, defendant, creditor, debtor, or other party against whom a default could be entered.

12. The Debtor cites no authority permitting entry of a default against an opposing counsel who was never made a party to an adversary proceeding.

13. The Court retains authority, after notice and an opportunity to be heard, to determine whether counsel's conduct warrants sanctions. This does not require a separate response nor is counsel subject to default for not filing a response individually. The procedure is for this Court to hear the Debtor's request for sanctions on its merits and on its evidentiary record.

14.    The Debtor's Motion for Default [DE 61] incorrectly interprets this Court's Order Setting Filing Deadlines and Hearing by Video Conference on Motion to Enforce Stay dated May 19, 2026, [DE 48] as imposing an "independent obligation" on each named person to file a separate response. Paragraph 4 states: "Tania Rangel and Ana C. Agusto, Esq., must file a response to the Motion to Enforce Stay no later than June 2, 2026."

15.    The Response to the Debtor's Motion to Enforce Stay [DE 55] addressed the factual and disputed the legal basis for all sanctions requested by the Debtor. It denied that the stay remained operative as asserted, denied that the state-court motions constituted prohibited activity, denied that § 362(k) applied, disputed damages, and requested denial of the motion. Because DE 43 sought sanctions against counsel based on the same two filings and the same asserted stay violation, the Response supplied the legal and factual response to the allegations concerning both the Personal Representative and her counsel.

16.    The Motion for Default also identifies no rule authorizing entry of default in these circumstances. Rule 7055 applies Rule 55 in adversary proceedings. This is a contested matter. Attorney Augusto did not fail to defend. The response was timely filed and addressed the allegations against both the Personal Representative and counsel; the Court held a hearing and issued an Order and the Court reserved the merits for further proceedings. The record defeats the essential predicate for default.

17.    Finally, the Debtor's request to treat all allegations against Augusto as admitted would improperly bypass the notice, hearing, and factual findings required before personal sanctions may be imposed. Augusto is exercising her opportunity to address the allegations through the Response [DE 55], the June 11, 2026, hearing, and this response filed solely because

the Debtor's Motion for Default [DE 61] seeks relief against her personally. Due process is not a basis to impose default; it is a reason to decide the sanctions request on a record.

18. The Debtor relies on Delacruz v State, 276 So.3d 21 (Fla. 4th DCA 2019), however, that case is distinguishable. In that case, the defense attorney informed the trial court he could no longer continue to representation because he had been informed of the possibility that his fee was paid with funds his client allegedly stole from a subsequent employer. Defense counsel requested to withdraw and the trial court refused. The appeals court held that the denial was error and reversed. There is no such conflict in the instant case.

19. The Debtor's reliance on In re Prince, 40 F.3d 356 (11th Cir. 1994), does not establish otherwise. Prince concerned a bankruptcy estate where the attorney's conflict of interest prejudiced the Debtor's estate. The most obvious prejudice to the Debtor was his attorney's inability to independently evaluate the $600,000 property transaction between the Debtor and his wife and its possible effect on the bankruptcy estate. This case is distinguishable and there is no conflict between undersigned and Tania Rangel.

20. Disqualification based on alleged unethical conduct must rest on an identified violation of a specific professional rule supported by the circumstances, not an assumed conflict. The Debtor's Motion for Default identifies rules, but it does not establish their violation. Striking a timely response and disqualifying counsel would therefore be unwarranted on the instant case.

WHEREFORE, Ana C. Augusto, counsel for Tania Rangel, respectfully requests that this Court requests that the Court (a) determine that Augusto is not a party subject to default; (b) deny the Debtor's Motion for Default; (c) decline to enter default or treat any allegation as admitted; (d) decline to strike the Response DE 55; (e) decline to require the Personal Representative to obtain independent counsel or to preclude Augusto's continued representation; and (g) grant such other and further relief as the Court deems just and proper.

By: */s/Ana C. Augusto*

Ana C. Augusto, Esq.
Florida Bar No. 18067
7951 S.W. 40 Street, Suite 202
Miami, Florida 33155
Tel. (305) 507-7655
Primary E-Mail: service@augustolaw.com
Secondary Email: assistant@augustolaw.com
and info@augustolaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF notice and first class mail this 16th day of July, 2026.

**VIA FIRST CLASS MAIL**
RAMIRO ANAYA FERNANDEZ
4225 SW 87th Avenue, #3
Miami, FL 33165

**VIA CM/ECF NOTICE**
Jacqueline Calderin
1825 Ponce De Leon Blvd #358
Coral Gables, FL 33134

U.S. Trustee
Office of the US Trustee
51 S.W. 1st Ave.Suite 1204