**ORDERED in the Southern District of Florida on November 4, 2026.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re: Case No. 26-10076-RAM
Chapter 7

RAMIRO ANAYA FERNANDEZ,

Debtor.
_______________________________/

**ORDER DENYING MOTION TO ENFORCE AUTOMATIC STAY, VOID STATE COURT FILINGS, AND FOR SANCTIONS**

The Court held a hearing on October 19, 2026, on the Debtor's Emergency Motion to Enforce Automatic Stay, Void State-Court Filings, and for Sanctions for Willful Violation of 11 U.S.C. §362 Against Tania Rangel, as Personal Representative of the Estate of Gonzalo R. Perez, and Ana C. Augusto, Esq. [DE# 43] (the “Motion”) filed by Ramiro

Anaya Fernandez (the "Debtor"). After consideration of the Motion and related filings[1] and for the reasons stated on the record at the October 19th hearing, including those discussed below, the Court finds that the Motion should be denied.

The Debtor filed his bankruptcy petition on January 6, 2026 (the "Filing Date"). The following state court cases were pending on the Filing Date: the case styled *In re: Gonzalo R. Perez*, Case No. 2024-003040-CP-02, pending in the Probate Division of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Probate Action") (Respondent, Tania Rangel, is the Personal Representative in the Probate Action); and the case styled *Tania Rangel, as Personal Representative of the Estate of Gonzalo Perez v. Ramiro Anaya Fernandez*, Case No. 2025-192838-CC-25, pending in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Eviction Action"). The Eviction Action was stayed by the petition. On May 5, 2026, the Chapter 7 Trustee entered a Report of No Distribution ("RND") in this case, certifying that the Debtor's bankruptcy estate has been fully administered [DE# 38].

The post-petition actions that are the subject of the Motion are: (1) the Personal Representative's motion to strike the Debtor's claim in the Probate Action, filed on May 13, 2026; and (2) the Personal Representative's motion to reinstate the Eviction Action

[1] Response to Debtor's Emergency Motion to Enforce Automatic Stay, Void State-Court Filings, and for Sanctions for Willful Violation of 11 U.S.C. § 362 [DE# 54] filed by creditor Tania Rangel, as duly appointed Personal Representative of the Estate of Gonzalo R. Perez (the "Personal Representative"); Amended Response to Debtor's Emergency Motion to Enforce Automatic Stay, Void State-Court Filings, and for Sanctions for Willful Violation of 11 U.S.C. § 362 [DE# 55] filed by the Personal Representative; Debtor's Reply to Respondent's Amended Response to Motion to Enforce Automatic Stay, Void State-Court Filings, and for Sanctions for Willful Violation of 11 U.S.C. § 362 (Doc. 43) [DE# 56] filed by the Debtor; Debtor's Statement in Support of Motion to Enforce Automatic Stay: Itemized Description of Monetary Damages Suffered from Respondents' Actions [DE# 60] filed by the Debtor; Response to Debtor's Statement in Support of Motion to Enforce Automatic Stay: Itemized Description of Monetary Damages Suffered from Respondents' Actions [DE# 83] filed by the Personal Representative; Personal Representative's Supplemental Memorandum [DE# 84] filed by the Personal Representative.

(the "Motion to Reinstate"), filed on May 14, 2026. Both filings were made after the Trustee filed her RND. The Motion alleges that these actions violated the automatic stay and seeks to void the actions, enforce the automatic stay, and sanctions, including $10,000 in damages, against the Personal Representative and counsel of record for the Personal Representative, Ana C. Augusto.

**The Probate Action**

The motion to strike the Debtor's claim in the Probate Action was not a violation of the automatic stay under 11 U.S.C. § 362. The Personal Representative was not pursuing any claims against the Debtor in the Probate Action. It was the Debtor who was pursuing a claim. The Debtor's claim was property of the estate on the Filing Date. However, because the Trustee filed her RND prior to the Personal Representative filing her motion to strike the claim, the Debtor's claim was no longer property of the estate. The motion in the Probate Action was directed towards the claim, which was no longer property of the estate, and sought no affirmative recovery against the Debtor. Therefore, the motion filed in the Probate Action did not violate the automatic stay.

**The Eviction Action**

The motion to reinstate the Eviction Action also did not violate the automatic stay. Under 11 U.S.C § 365(c)(1), "the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate." The Eviction Action was filed solely to obtain possession of the leased property, not for an award of damages against the Debtor. Therefore, the only question to be answered is whether the leasehold interest was still property of the estate when the

Personal Representative filed the Motion to Reinstate the Eviction Action on May 14, 2026. It was not.

Pursuant to 11 U.S.C. § 365(d)(1), if the Chapter 7 Trustee does not assume or reject an unexpired lease within sixty days after the order for relief, the lease is deemed rejected. *See* 11 U.S.C. § 365(d)(1). The Trustee did not assume or reject the Debtor's lease (the "Lease"). Therefore, it was deemed rejected 60 days after the order for relief, before the Personal Representative attempted to reinstate the eviction proceedings. At that point the Lease was no longer property of the estate. *See In re Biggs*, 271 F. App'x 286, 288 (3d Cir. 2008) ("[T]he lease has been rejected pursuant to 11 U.S.C. § 365(d)(1) and thus for this reason alone it has been 'abandoned and [is] no longer property of the estate.'") (quoting *In re Stoltz,* 315 F.3d 80, 85 n. 1 (2d Cir. 2002)); *RPD Holdings, L.L.C. v. Tech Pharm. Servs. (In re Provider Meds, L.L.C.)*, 907 F.3d 845, 856-858 (5th Cir. 2018) (finding that a contract rejected under 11 U.S.C. § 365(d)(1) was no longer property of the estate); *see also In re Rodall*, 165 B.R. 506, 508 (Bankr. M.D. Fla. 1994) ("The failure of the trustee to assume debtor's lease amounts to a rejection of the lease and upon rejection, the lease is no longer part of the estate. . . . Because the lease is not property of the estate, the Court no longer has jurisdiction over that property and debtor is left with the rights and remedies provided under non-bankruptcy law.").

Even if the Lease was still "property of the estate" after the Trustee's deemed rejection of the Lease and the automatic stay remained in effect, the Lease was clearly no longer property of the estate once the Trustee entered her RND on May 5, 2026, before the Personal Representative filed her Motion to Reinstate the Eviction Action. In the RND, the Trustee certifies that "there is no property available for distribution from the estate"

and "that the estate has been fully administered." DE# 38. Therefore, no later than May 5, 2026, the Lease was no longer property of the estate. The Eviction Action was solely against the Debtor's property interest. The Personal Representative only sought possession of the premises under the Lease and did not seek damages from the Debtor.

In sum, the Court finds that the Lease was no longer property of the estate when the Personal Representative filed the Motion to Reinstate and therefore, the stay of the Eviction Action had terminated under section 362(c)(1). As such, the filing of the Motion to Reinstate the Eviction Action was not a violation of the automatic stay.

**Annulment of the Stay**

Section 362(d) of the Code gives the Court authority to annul the automatic stay to validate post-petition acts that violated the automatic stay. *See Rajesh C. Patel v. Rishi M. Patel (In re Rajesh C. Patel)*, 142 F.4th 1313, 1320 (11th Cir. 2025) (finding that bankruptcy courts can annul the automatic stay for cause, thereby validating actions taken during the pendency of the stay).[2] In this case, the Court has found that there was no stay violation. However, even if an appellate court somehow concluded that there was a stay violation, the Court alternatively finds cause to annul the automatic stay and thereby validate the filing of the Motion to Reinstate and the motion to strike the Debtor's claim in the Probate Action.

The Court finds cause for two reasons. First the Personal Representative had a good faith belief that her actions did not violate the stay. Indeed, the heart of this Order is the Court's finding that her belief was well-founded and the stay had terminated.

[2] When determining whether the stay should be annulled, courts often focus on a creditor's lack of knowledge of the automatic stay or a debtor's bad faith or inequitable conduct. *In re Evans*, 665 B.R. 670, 680 (Bankr. N.D. Ga. 2024).

Second, if the Personal Representative had filed a motion for stay relief after the Trustee entered the RND and before she filed the Motion to Reinstate the Eviction Action and the motion to strike the Debtor's claim in the Probate Action, there is no doubt that the Court would have granted stay relief. After the entry of the RND, the estate had no interest in the Lease or in the Debtor's claim in the Probate Action, and the Personal Representative's proposed actions would have had (and did not have) an impact on the estate. In short, had the Personal Representative filed a motion for relief from the automatic stay before taking the actions at issue, the Debtor would not have had a defense to it, and it would have been granted. For these reasons, and as an alternative basis for denying the Motion, the Court annuls the stay, effective May 5, 2026, the filing date of the RND.

Accordingly, the Court ORDERS that the Motion is denied.

###

Copies to:

Ramiro Anaya Fernandez
4225 SW 87 Ave #3
Miami, FL 33165

Ana C. Augusto, Esq.

CLERK TO SERVE THE DEBTOR

(Attorney Augusto must file a copy of this Order on all other interested parties and file a certificate of service with the Court.)